Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCO ANTONIO TETLACTLE TEPOLE,
*individually and on behalf of others similarly*
*situated,*

                        *Plaintiff,*

               -against-

NICKY MEATBALLS INC. (d/b/a
POLPETTE), and NICHOLAS
MORMANDO
                   *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Marco Antonio Tetlactle Tepole ("Plaintiff Antonio" or "Mr. Antonio"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., alleges upon information and belief, and as against each of

Defendants Nicky Meatballs Inc. ("Defendant Corporation") and Nicholas Mormando

(collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiff Marco Antonio Tetlactle Tepole ("Plaintiff Antonio" or "Mr. Antonio")

is a former employee of Defendants Nicky Meatballs Inc. (d/b/a Polpette) and Nicholas

Mormando.

     2.    Polpette is an Italian restaurant owned by Nicholas Mormando located at 483

Amsterdam Avenue, New York, New York 10024.

3.      Upon information and belief, Defendant Nicholas Mormando serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the Italian restaurant.

4.      Plaintiff Antonio is a former employee of Defendants.

5.      Plaintiff Antonio was employed as a dishwasher and delivery worker.

6.      However, when ostensibly working as a delivery worker, Plaintiff Antonio  was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning filters, the basement, the kitchen, the fridge, and the bathroom, washing dishes, cleaning, cutting, and pealing shrimp and calamari, preparing salsas, cutting and washing vegetables, taking out the trash, sweeping and mopping, putting deliveries away, dropping supplies off at the other Polpette location, and twisting and tying cardboard boxes, (hereinafter, "non-delivery, non-tip duties").

7.      At all times relevant to this Complaint, Plaintiff Antonio worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.      Rather, from approximately June 2012 until on or about April 20, 2017, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Antonio the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Antonio the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Antonio as a delivery worker, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11.     From approximately June 2012 until on or about April 20, 2017, regardless of duties, Defendants paid Plaintiff Antonio and all other delivery workers at a rate that was lower than the required tip-credited rate.

12.     Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Antonio's and other tipped employees' tips and made unlawful deductions from Plaintiff Antonio's and other tipped employees' wages.

13.     In addition, Defendants maintained a policy and practice of requiring Plaintiff Antonio to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.

14.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Antonio's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

15.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Antonio's actual duties in payroll records to avoid paying Plaintiff Antonio at the minimum wage rate, and to enable them to pay Plaintiff Antonio at the lower tip-credited rate (which they still failed to do), by designating him as a delivery worker instead of a non-tipped employee.

16.    Defendants' conduct extended beyond Plaintiff Antonio to all other similarly situated employees.

17.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

18.    Plaintiff Antonio  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.    Plaintiff Antonio seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Antonio's state law claims is conferred by 28 U.S.C. § 1367(a).

21.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Antonio was employed by Defendants in this district.

## PARTIES

### *Plaintiff Marco Antonio Tetlactle Tepole*

22.     Plaintiff Antonio ("Plaintiff Antonio" or "Mr. Antonio") is an adult individual residing in New York County, New York.

23.     Plaintiff Antonio was employed by Defendants from approximately March 2012 until on or about April 20, 2017.

24.     Plaintiff Antonio consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

25.     At all times relevant to this complaint, Defendants own, operate, and/or control an Italian restaurant located at 483 Amsterdam Avenue, New York, New York 10024, under the name "Polpette."

26.     Upon information and belief, Nicky Meatballs Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 483 Amsterdam Avenue, New York, New York 10024.

27.     Defendant Nicholas Mormando is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nicholas

Mormando is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.     Defendant Nicholas Mormando possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

29.     Defendant Nicholas Mormando determined the wages and compensation of the employees of Defendants, including Plaintiff Antonio, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30.     Defendants operate an Italian restaurant located in the Upper West Side section of Manhattan.

31.      Individual Defendant Nicholas Mormando possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Antonio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Antonio, and all similarly situated individuals, referred to herein.

34.    Defendants jointly employed Plaintiff Antonio, and all similarly situated individuals, and are Plaintiff Antonio's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiff Antonio and/or similarly situated individuals.

36.    Upon information and belief, individual defendant Nicholas Mormando operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)    operating Defendant Corporation for his own benefit and maintaining control over it as a closed Corporation or a closely controlled entity;

(f)    intermingling assets and debts of his own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

7

37.     At all relevant times, Defendants were Plaintiff Antonio's employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Antonio, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Antonio's services.

39.     In each year from 2012 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the Italian restaurant on a daily basis, such as dishwashing liquids and cleaning supplies, were produced outside of the State of New York.

### *Individual Plaintiff*

41.     Plaintiff Antonio is a former employee of Defendants, employed in performing the duties of dishwasher and delivery worker.

42.     Plaintiff Antonio seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Plaintiff Marco Antonio Tetlactle Tepole*

43.     Plaintiff Antonio was employed by Defendants from approximately March 2012 until on or about April 20, 2017.

44.     Defendants employed Plaintiff Antonio as a dishwasher and ostensibly as a delivery worker.

45.     However, when employed as a delivery worker, Plaintiff Antonio was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

46.     Although Plaintiff Antonio was ostensibly employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

47.     Plaintiff Antonio regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

48.      Plaintiff Antonio's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff Antonio regularly worked in excess of 40 hours per week.

50.     From approximately March 2012 until on or about April 20, 2017, Plaintiff Antonio worked from approximately 11:00 a.m. until on or about 12:00 a.m. Mondays through Saturdays and from approximately 11:00 a.m. until on or about 11:00 p.m. on Sundays (typically 90 hours per week).

51.     From approximately March 2012 until on or about May 2012, Plaintiff Antonio was paid his wages by check.

52.      From approximately June 2012 until on or about April 20, 2017, Plaintiff Antonio was paid his wages in cash.

53.     From approximately March 2012 until on or about May 2012, defendants paid Plaintiff Antonio a fixed salary of $550 per week.

9

54.    From approximately June 2012 until on or about June 2014, defendants paid Plaintiff Antonio a fixed salary of $350 per week.

55.    From approximately July 2014 until on or about April 20, 2017, defendants paid Plaintiff Antonio a fixed salary of $400 per week.

56.    Plaintiff Antonio was never notified by Defendants that his tips would be included as an offset for wages.

57.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Antonio's wages.

58.    In addition, from approximately June 2012 until on or about April 20, 2017, Defendants withheld all of Plaintiff Antonio's credit card tips.

59.    Defendants did not provide Plaintiff Antonio with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

60.    From approximately June 2012 until on or about April 20, 2017, Plaintiff Antonio was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

61.    Defendants never provided Plaintiff Antonio with a written notice, in English and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Antonio regarding overtime and wages under the FLSA and NYLL.

63.    Defendants required Plaintiff Antonio to purchase "tools of the trade" with his

own funds—including two bicycles, two helmets, a chain and lock, a set of lights, and three pairs of kitchen shoes.

*Defendants' General Employment Practices*

64.     Defendants regularly required Plaintiff Antonio to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hours compensation.

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

66.     At no time did Defendants inform their employees, including Plaintiff Antonio, that they had reduced their hourly wages by a tip allowance.

67.     Defendants failed to maintain a record of tips earned by Plaintiff Antonio for the deliveries he made to customers.

68.     Defendants illegally withheld all of the credit card tips that customers paid to Plaintiff Antonio.

69.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Antonio by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

70.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

71.     Defendants required Plaintiff Antonio, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

72.     Plaintiff Antonio and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

73.     Plaintiff Antonio  and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Antonio's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

74.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

75.     In violation of federal and state law as codified above, Defendants classified Plaintiff Antonio and other delivery workers as tipped employees but did not even pay them at the tip-credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

76.     From approximately March 2012 until on or about May 2012, Plaintiff Antonio was paid his wages by check.

77.     From approximately June 2012 until on or about April 20, 2017, Plaintiff Antonio was paid his wages entirely in cash.

78.     From approximately June 2012 until on or about April 20, 2017, Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

79.     By employing these practices, Defendants avoided paying Plaintiff Antonio the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

80.     Defendants failed to post required wage and hour posters in the Italian restaurant, and did not provide Plaintiff Antonio with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Antonio's relative lack of sophistication in wage and hour laws.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Antonio (and similarly situated individuals) worked, and to avoid paying Plaintiff Antonio properly for (1) the minimum wage, (2) for overtime wages, and (3) spread of hours pay.

82.     Defendants failed to provide Plaintiff Antonio  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiff Antonio  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiff Antonio brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

85.    At all relevant times, Plaintiff Antonio and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

86.    The claims of Plaintiff Antonio stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

87.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

88.    At all times relevant to this action, Defendants were Plaintiff Antonio's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

89.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants failed to pay Plaintiff Antonio (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.     Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Antonio (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

94.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Antonio's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

96.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Antonio   (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

16

99.     Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.     Plaintiff Antonio (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

101.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

102.     At all times relevant to this action, Defendants were Plaintiff Antonio's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

103.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Antonio (and the FLSA Class members) less than the minimum wage.

104.     Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.     Plaintiff Antonio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

106.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Antonio  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108.    Defendants failed to pay Plaintiff Antonio (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

109.    Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Antonio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

111.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants failed to pay Plaintiff Antonio one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Antonio's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order

of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, §

146-1.6.

113.    Defendants' failure to pay Plaintiff Antonio  an additional hour's pay for each day

Plaintiff Antonio 's spread of hours exceeded ten hours was willful within the meaning of New

York Lab. Law § 663.

114.    Plaintiff Antonio was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

115.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set

forth herein.

116.    Defendants failed to provide Plaintiff Antonio  with a written notice, in English

and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, regular pay day, and

such other information as required by NYLL §195(1).

117.    Defendants are liable to Plaintiff Antonio in the amount of $5,000, together with

costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

118.    Plaintiff Antonio repeats and realleges all paragraphs above as though set forth

fully herein.

119.    Defendants did not provide Plaintiff Antonio with a statement of wages with each

payment of wages, as required by NYLL 195(3).

120.    Defendants are liable to Plaintiff Antonio in the amount of $5,000, together with

costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

121.    Plaintiff Antonio repeats and re-alleges all paragraphs above as though set forth fully herein.

122.    Defendants required Plaintiff Antonio to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.    Plaintiff Antonio was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE TIP WITHHOLDING PROVISIONS
## OF THE NEW YORK LABOR LAW

124.    Plaintiff Antonio repeats and realleges all paragraphs above as though set forth fully herein.

125.    Defendants unlawfully and without permission from Plaintiff Antonio misappropriated and withheld credit card gratuities paid by customers which should be retained by Plaintiff Antonio.

126.    Defendants' action violated NYLL §196-d.

127.    Defendants are liable to Plaintiff Antonio in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antonio respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio  and the FLSA class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio  and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Antonio's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Antonio  and the FLSA class members;

(f)      Awarding Plaintiff Antonio  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Antonio  and the FLSA class members liquidated damages in

an amount equal to 100% of his damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA

as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiff Antonio and the members of the FLSA

Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Antonio and the members of the FLSA

Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff Antonio and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice, recordkeeping, and wage statement

requirements of the NYLL with respect to Plaintiff Antonio's, and the FLSA Class members',

compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Antonio's, and the FLSA Class members', compensation, hours, wages;

and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as

to Plaintiff Antonio  and the FLSA Class members;

(n)     Awarding Plaintiff Antonio  and the FLSA class members damages for the

amount of unpaid minimum and overtime wages, damages for any improper deductions or

credits taken against wages as well as awarding spread of hours pay under the NYLL as

applicable;

(o)    Awarding Plaintiff Antonio  damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Declaring that Defendants violated NYLL §196-d.

(q)    Awarding Plaintiff Antonio and the FLSA class members liquidated damages in

an amount equal to 100% of their damages for the amount of unpaid minimum and overtime

wages, spread of hours pay and damages for any improper deductions or credits taken against

wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(r)    Awarding Plaintiff Antonio and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(s)    Awarding Plaintiff Antonio and the FLSA class members the expenses incurred

in this action, including costs and attorneys' fees;

(t)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(u)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Antonio demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        May 18, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

23

_____/s/ Michael Faillace_____

By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

24

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

April 28, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               <u>Marco Antonio Tetlactle Tepole</u>

Legal Representative / Abogado:     <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:           _____

Date / Fecha:                <u>28 de abril de 2017</u>